**INTERNATIONAL ELECTRONICS, INC., Plaintiff,**

v.

**HUMAN ELECTRONICS, INC., Defendant.**

**No. CV 04–5021RBL.**

United States District Court, W.D. Washington, At Tacoma.

May 27, 2004.

Gregory J. Dennis, Esq., Michael W. Bortz, Esq., Landerholm, Memovich, Lansverk & Whitesides, P.S., Vancouver, WA, for plaintiff, International Electronics, Inc.

Robert E. Purcell, Esq., Indranil Mukerji, Esq., Michael D. Pinnisi, Esq., Wall Marjama & Bilinski LLP, Syracuse, NY, Paul T. Meiklejohn, Esq., Dorsey & Whitney, Seattle, WA, for defendant, Human Electronics, Inc.

## ORDER OF DISMISSAL

LEIGHTON, District Judge.

This matter is before the Court on Plaintiff International Electronics' Motion to Confirm Jurisdiction and Defendant Human Electronics' Cross–Motion to Dismiss or to Transfer to the Northern District of New York. At issue is the Court's personal jurisdiction over the Defendant. The mat-

ter is particularly well-briefed, and will be decided without oral argument.

The Court has reviewed all of the materials presented, including the various opinions cited therein. While the question is a close one, the Court is persuaded that, as is discussed below, it lacks personal jurisdiction over Defendant based on the facts alleged and shown by Plaintiff. The Court will therefore dismiss the action. Even had the court reached the opposite conclusion, however, it is similarly persuaded that the matter should be transferred to New York. Plaintiff's Motion [Dkt. # 8] is therefore DENIED and Defendant's Motion to Dismiss [Dkt. # 13] is GRANTED.

## Background.

Plaintiff is a Washington corporation and the manufacturer of a product known as "Catch–A–Call," which is a telecommunications device which permits the use of one telephone line to receive telephone calls or facsimiles while simultaneously using a modem to connect to the Internet. Plaintiff received United States Patent No. 6,665,381 (the " '381 patent") in December 2003.

Defendant is a new York corporation with its sole place of business in New York. It is the owner of United States Patent No. 6,067,353 (the " '353 patent"), issued in May 2000. This patent, broadly speaking, describes a similar function. The Defendant contends that its '353 patent is infringed by the Plaintiff's Catch–A–Call product.

On October 30, 2003 Defendant commenced a lawsuit in New York state court, claiming that a different product ("Switchboard") manufactured by a different company (Emerson Electronics), infringed upon the '353 patent. Also named were Emerson's customers, which sold the Switchboard product. That case was removed to, and is pending in, the United States District Court for the Northern District of New York. Also on October 30, 2003, counsel for Defendant sent "cease and desist" letters to Plaintiff and one of its customers, Radio Shack, claiming that Catch–A–Call infringed on the '353 patent. The letters threatened litigation following the pending Emerson litigation, unless an acceptable license agreement was reached.

Plaintiff previously sued Emerson and others in New York, claiming that Emerson's Switchboard product was a cheap "knock off" of plaintiff's Catch A Call product, and that other parties had breached various distribution agreements related to the Catch A Call product. That matter has been settled.

The details are not provided, but Plaintiff claims that it has a contract to purchase the '353 patent from Defendant, and that Defendant is in breach of that contract. It is apparently undisputed that the contact regarding a potential sale agreement was initiated by Plaintiff. Defendant admits negotiations, but denies that any binding agreement was reached.

Plaintiff commenced this litigation against Defendant Human Electronics on or about January 16, 2004[1]. It seeks a declaration that its product does not infringe on the '353 patent, and asserts that Defendant violated the Lanham Act in falsely accusing it of infringing that patent, and by disrupting its relationship with Radio Shack. It also asserts state law claims for breach of contract, tortious interference, and violations of Washington's Consumer Protection Act.

On March 10, 2004, Defendant amended its Complaint in the New York litigation to

---

1. Plaintiff properly Amended its Complaint on February 6, 2004, adding the tortious interfer-

ence and CPA claims.

add as defendants there Plaintiff, Radio Shack, and other of Plaintiff's customers.

Plaintiff now seeks early confirmation of this Court's jurisdiction over Defendant. Defendant has in turn moved for dismissal, arguing that the Court does not have personal jurisdiction over it under Washington's long-arm statute (RCW 4.28.185) or the United States Constitution. It alternately seeks a transfer of this action to New York under 28 U.S.C. §§ 1404 and 1406.

## Personal Jurisdiction.

Plaintiff claims that the Court has specific jurisdiction over Defendant under the long arm statute and the Constitution based on the three asserted tort claims, namely the intentional interference and violations of the CPA (state law) and violation of the Lanham Act. All are based on the Defendant's allegedly tortious and bad faith act of sending letters to Plaintiff and to Radio Shack apprising each of Defendant's claim that the Catch–A–Call product infringed the '353 patent.[2]

■ In the context of a challenge to the Court's jurisdiction, a plaintiff's factual allegations are construed in the light most favorable to him. Plaintiff is required only to make a prima facie showing of personal jurisdiction. *See, for example. Silent Drive, Inc. v. Strong Industries, Inc.,* 326 F.3d 1194, 1201 (Fed.Cir.2003).

■ This Court's jurisdiction over the patent claims is reviewed under the law of the Federal Circuit. That Circuit has held that whether an exercise of specific personal jurisdiction satisfies due process in a patent case depends on three factors: (1) whether the defendant "purposefully directed" its activities at residents of the forum; (2) whether the claim "arises out of or relates to" the defendant's activities with the forum; and (3) whether assertion of personal jurisdiction is "reasonable and fair". *Silent Drive,* 326 F.3d at 1201–1202, *citing Inamed Corp. v. Kuzmak,* 249 F.3d 1356, 1359, 58 USPQ2d 1774 (Fed.Cir. 2001). The first two factors relate to the "minimum contacts" prong of the familiar test of *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and the third corresponds to the "fair play and substantial justice" prong of that test. Thus, this three-part test corresponds to the three-prong due process test for specific jurisdiction generally. *Id.*

■ In the Federal Circuit, it is established that the sending of letters threatening infringement litigation does not, without more, confer personal jurisdiction. *Silent Drive,* 326 F.3d at 1202, *citing Red Wing Shoe Co. v. Hockerson–Halberstadt, Inc.,* 148 F.3d 1355, 1358 (Fed.Cir.1998). In *Red Wing,* the Court acknowledged that such letters satisfied the first two prongs of the test, but explained that finding them to confer personal jurisdiction would violate the third:

> Principles of fair play and substantial justice afford a patentee sufficient latitude to inform others of its patent rights without subjecting itself to jurisdiction in a foreign forum. A patentee should not subject itself to personal jurisdiction in a forum solely by informing a party who happens to be located there of suspected infringement. Grounding personal jurisdiction on such contacts alone would not comport with principles of fairness.

While it is an overstatement to say that any contract was necessarily made in New York, the Court agrees that the contacts alleged by Plaintiff standing alone would not support personal jurisdiction over this claim.

---

**2.** Defendant asserts that the contacts surrounding the contract are an insufficient basis for personal jurisdiction. Plaintiff's jurisdictional claim is based on the tort claims, not on the alleged contract between the parties.

*Red Wing*, 148 F.3d at 1360–61. The same result is reached where, as here, the letters are sent to a third party customer in another jurisdiction.

 Furthermore, the law of the Federal Circuit governs the question of whether a state law claim is preempted by the federal patent law. *Globetrotter Software, Inc. v. Elan Computer Group*, 362 F.3d 1367, 1374 (Fed.Cir.2004); *Zenith Electronics Corp. v. Elgo Touchsystems, Inc.*, 182 F.3d 1340 (Fed.Cir.1999). These authorities hold that state law tortious interference claims based on the sending of "cease and desist" letters are preempted by the federal patent law, absent a showing of bad faith on the part of the sender. In *Globetrotter*, the Federal Circuit explained that in this context, demonstrating bad faith requires the plaintiff to allege and prove that the sender's claim of infringement was "objectively baseless." *Globetrotter*, 362 F.3d at 1375.

 The issue, then, is whether the Court has personal jurisdiction over Defendant based on the allegation (in the Plaintiff's Amended Complaint) that the "cease and desist" letters were sent in bad faith, and the claim (in Plaintiff's Surreply) that it will prove at trial that Defendant's claim of infringement was "objectively baseless."

Plaintiff claims that the higher standard announced in *Globetrotter* relates to proof, not pleading, and that it will eventually demonstrate that Defendant had no objective basis for sending them. Thus, it claims, its naked allegation of "bad faith" is sufficient to confer personal jurisdiction.

No case cited or found has directly addressed this question. *Globetrotter* dealt with the sufficiency of proof on summary judgment and the preemption of state law claims by the federal patent law. It did not address personal jurisdiction.

It is the Court's conclusion that something more than an allegation of bad faith must be made to confer personal jurisdiction. To hold otherwise would wholly eviscerate the rule of *Red Wing* and other opinions that a patent holder is permitted (and obligated) to notify out-of-state potential infringers of his claim, without thereby subjecting himself to the jurisdiction of the court where the potential infringer is located. The potential infringer could circumvent this rule and avoid the policies behind it by the simple addition of the words "bad faith" to his complaint.

This is not to say that, where the plaintiff makes a factual showing—viewed against the summary judgment standard, not the lower Rule 12(b)(6) standard—that the patent holder's activities were "objectively baseless," he could not force the patent holder to defend himself in the alleged infringer's home jurisdiction. However, that is not this case. Where, as here, the contacts consist solely of "cease and desist" letters, and the Plaintiff's showing of "bad faith" is purely an allegation, it would not be reasonable to exercise personal jurisdiction over the letter sender.

This conclusion is bolstered by the seven part test for reasonableness articulated by the Ninth Circuit in *Bancroft & Masters, Inc. v. Augusta National Inc.*, 223 F.3d 1082 (9th Cir.2000):

(1) the extent of the defendant's purposeful interjection into the forum state,

(2) the burden on the defendant in defending in the forum,

(3) the extent of the conflict with the sovereignty of the defendant's state,

(4) the forum state's interest in adjudicating the dispute,

(5) the most efficient judicial resolution of the controversy,

(6) the importance of the forum to the plaintiff's interest in convenient and effective relief, and

(7) the existence of an alternative forum.

Particularly compelling are the second, fifth, sixth and seventh factors. The Defendant claims without contradiction that it is a "mom and pop" operation in upstate New York and that coming to Washington would be burdensome to it. Plaintiff, on the other hand has recently litigated in New York over the very issues raised by it here (and by Defendant in New York). Despite Plaintiff's claim to the contrary, it is apparent that the core issues now before the New York District Court are closely related to the issues raised in this case; namely, whether the '353 patent is infringed by the Switchboard and Catch A Call products. Plaintiff has already claimed that Switchboard is a "knock off" imitation of the Catch A Call product. It is therefore not persuasive to claim that the two issues are so separate that the risk of inconsistent results can be discounted. The Plaintiff can obtain full relief in New York, and has superior access to non-party witnesses and documentary evidence there. Finally, as should be clear, there is an alternate forum that in many respects is superior to this one. These facts, together with the jurisdictional issues discussed above, persuade the court that the exercise of jurisdiction would not be reasonable in this case.

For many of the same reasons, even if the Court were to conclude differently, it would exercise its discretion to transfer the case to the Northern District of New York under 28 U.S.C. §§ 1404 and 1406.

Plaintiff's Motion [Dkt. # 8] is therefore DENIED and Defendant's Motion to Dismiss [Dkt. # 13] is GRANTED.